## TAYLOR v. CARRAWAY et al.

(District Court, E. D. North Carolina. September, 1922.)

No. 427.

1. **Bankruptcy ⬅163—Transfer to bank holding notes for collection not a preference; no relation of debtor and creditor existing.**

Though a bank holding notes for collection was under a moral obligation to see that they were paid, this did not make it a party to the notes, or create the relation of debtor and creditor between it and the makers of the notes, and a transfer to it of other notes, for the purpose of raising money to pay the notes held for collection, was therefore not a preference.

2. **Bankruptcy ⬅163—Debtor may transfer property to raise money to pay debt, unless preference is given.**

There is no provision in the Bankruptcy Act (Comp. St. §§ 9585–9656) forbidding a debtor to transfer his property for the purpose of raising money to pay his debts, except as provided by section 60 (section 9644) relative to preferences.

3. **Bankruptcy ⬅166(2)—Fraudulent intent immaterial as to preferences, but there must be relation of debtor and creditor.**

With respect to preferences under Bankruptcy Act, § 60 (Comp. St. § 9644), the element of fraudulent intent is immaterial, but the relation of debtor and creditor must exist.

4. **Bankruptcy ⬅180—Bank to whom notes transferred to raise money to pay debts acquired good title, when there was no fraudulent intent.**

Bankruptcy Act, § 67 (Comp. St. § 9651), deals with assignments and transfers made with fraudulent intent, and where a transfer of notes to a bank for the purpose of raising money with which to pay the bankrupt's debts was not with such intent, and the bank paid a fair value for the notes, it acquired a valid title thereto, though its officers had reasonable cause to believe that the bankrupt was insolvent.

In Equity. Suit by Harry S. Taylor, trustee, against W. T. Carraway and others. On report of special master. Bill dismissed.

See, also, 282 Fed. 878.

Cowper, Whitaker & Allen, of Kinston, N. C., and McLean, Varser, McLean & Stacy, of Lumberton, N. C., for plaintiff.

J. Paul Frizzelle, L. V. Morrill, and Geo. M. Lindsay, all of Snow Hill, N. C., for defendants.

CONNOR, District Judge. Bill filed by plaintiff, trustee in bankruptcy, to set aside transfers of notes to defendant Bank of Snow Hill by Carraway & Co., bankrupts. Heard upon the report of Joseph B. Cheshire, Jr., Esq., special master.

W. T. Carraway & Son were indebted to the Norfolk National Bank in the sum of $3,000 by note, and the Planters' Bank of Richmond in the sum of $6,000 by two notes, all of which at maturity were sent to the Bank of Snow Hill for collection. Not having the money with which to pay the notes, Carraway & Son transferred to the defendant Bank of Snow Hill certain notes, a list of which is set out by the special master, aggregating $7,919.83, in consideration whereof Carraway & Co., on February 18, 1921, paid them said amount, which, together with the sum of $1,448.02, loaned to Carraway & Son on their note

without security, was applied to the payment of the notes due the Norfolk and Richmond banks. The Bank of Snow Hill was not indorser or otherwise bound for the payment of said notes, which had been discounted by the said banks at its request.

The special master found that "there was a moral obligation on the Snow Hill Bank to protect said banks and see that they were saved harmless." He further finds that the Bank of Snow Hill had cause to believe that, at the date of said assignment, Carraway & Son were insolvent, and that the payment of the notes enabled the Richmond and Norfolk banks to receive a larger percentage of their debts than other creditors would receive on their debts. Carraway & Co. filed their petition and were adjudged bankrupt March 24, 1921.

The exceptions to the findings of fact made by the master must be overruled, and the said reports be confirmed, and the findings of fact therein are hereby adopted by the court.

[1] The Bank of Snow Hill was not an indorser, guarantor, or under legal obligation to pay the notes held by the Norfolk and Richmond banks. Conceding, as found by the special master, that by reason of the facts reviewed the bank was under a "moral obligation" to see that the notes were paid, it is manifest that such facts did not create a legal obligation, or make the bank a party to the notes. Pollock on Contracts (Waldo) 169; Felton v. Reid, 52 N. C. 269. It follows, therefore, that the relation of debtor and creditor did not, at any time, exist between the makers of the notes and the Bank of Snow Hill. There could, therefore, be no preference within the meaning of the Bankruptcy Act (Comp. St. §§ 9585-9656). The only duty resting upon the bank was that of a collecting agency.

The validity of the transfer of the notes must be tested by an examination of the language of subsection "e" of section 67 of the Bankruptcy Act (Comp. St. § 9651), which provides:

"That all conveyances, transfers, or assignments * * * of his property * * * made or given by a person adjudged a bankrupt under the provisions of this act, * * * and within four months prior to the filing of the petition, with the intent on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration."

[2, 3] There is no suggestion, and no evidence to sustain any suggestion, if made, that Carraway & Son made the assignment or transfer of the notes with any intent to defraud their creditors. It was made in good faith and for the purpose of raising money with which to pay honest debts, due and payable at the time. There is no provision of the Bankruptcy Act which forbids a debtor to transfer his property for the purpose of raising money to pay his debts, except as provided by section 60 of the act (Comp. St. § 9644). If the transfer is made to a creditor while insolvent, and within four months prior to filing his petition in bankruptcy, and comes within the language of section 60a, it constitutes a preference. If the creditor to whom such transfer is made has reasonable cause to believe that it will operate as a preference, within the language of subsection "b," it is a voidable preference. This section deals with preferences in which the element of fraudulent in-

tent is immaterial. A preference involves, of necessity, the relation of debtor and creditor.

[4] Section 67 of the act deals, not with preferences prohibited by section 60, but with assignments and transfers made with a fraudulent intent on the part of the assignor which are void, except as against assignees who pay in "good faith a present fair consideration," for the property assigned. The difference between the purpose and language of the two sections is pointed out in Coder v. Arts, 213 U. S. 224, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008. In the absence of any fraudulent intention by Carraway in making the assignment, the first element in the alleged vitiating factor in the transaction is wanting. If Carraway & Son had no such intent, the bank, paying a present consideration, a fair value, for the notes, acquired a valid title to the notes. The fact that the bank officers had reasonable cause to believe that Carraway was insolvent did not convert an honest transaction into one wanting the elements of good faith. If there was no bad faith on the part of Carraway, there could be none on the part of the bank.

The case comes to this: Carraway owed the Norfolk and Richmond banks notes, which were sent to the Snow Hill Bank for collection. Carraway had a right, and it was his duty, if he had the money, to pay the notes. He assigned to the Snow Hill Bank notes which he held, in consideration of the loan of the amount necessary to pay them. The notes were paid, canceled, and delivered to Carraway. At no time did Carraway owe the Snow Hill Bank any money on account of the transaction. If Carraway had entertained or been moved to make the assignment or transfer of the notes by any intent to defraud his creditors, the fact that the officers of the bank had reasonable cause to believe that he was then insolvent would have been evidence of the absence of good faith. I am of the opinion that, upon the findings of the special master and the evidence, the transfer to the Bank of Snow Hill vested the title to the notes in the bank, and that plaintiff is not entitled to recover them or their proceeds.

The bill will be dismissed, at plaintiff's cost.