WILLIAM A. CARSON and Others, as Trustees in Bankruptcy of LEONARD S. ZARTMAN and Another, Individually and as Copartners Doing Business under the Firm Name of G. E. ZARTMAN AND COMPANY, Plaintiffs, v. FEDERAL RESERVE BANK OF NEW YORK, Defendant.*

Supreme Court, Seneca County, October 20, 1928.

*L. R. Mason* [*Harris, Beach & Matson* of counsel], for the motion. *Sutherland & Dwyer,* opposed.

* Revd., 226 App. Div. ——.

RODENBECK, J. While the Federal reserve rules and regulations may provide that a Federal reserve bank will act only as an agent of the bank from which it receives checks for collection, and will assume no liability except for its own negligence and its guaranty of prior indorsements, still, in disputes with non-member banks, or their trustees in bankruptcy, in which a preference in payment is involved, the laws relating to the title to negotiable instruments and the decisions thereon and to preferences in bankruptcy apply, and where the facts in relation to the preference are such as to raise an issue as to the title to the paper, the question is one for a jury and cannot be passed upon as a matter of law, upon the theory that any transaction between members of the Federal reserve system, with reference to checks and other negotiable instruments, must be assumed, as a matter of law, to be one of agency for collection.

Where checks, indorsed without restriction " to the order of any bank or banker or trust company," are deposited with a bank, which indorses them similarly, without restriction, and deposits them with the Federal reserve bank, the latter acquires title thereto and becomes, presumptively, the owner thereof (Neg. Inst. Law, § 60), and evidence that, under the general usage of banking, and under the rules and regulations of the Federal Reserve Board or Federal reserve bank, the indorsements are for collection only, raises a question of fact for a jury as to the effect of the indorsements. Upon that question the jury may consider drafts given to the Federal reserve bank in payment for such checks. The invalidity, under the Bankruptcy Act, of payments made by an insolvent bank upon such checks and drafts, depends upon the finding of the jury as to the ownership of the checks and drafts and the relation of the Federal reserve bank as a creditor or agent in the transaction. " A preference involves, of necessity, the relation of debtor and creditor." (*Taylor* v. *Carraway*, 282 Fed. 876.) The question of intent thus arises and this question is one for a jury. In *National Park Bank* v. *Seaboard Bank* (114 N. Y. 28) the court said: " The plaintiff claimed that the entry made by the defendant on its books to the credit of the Eldred Bank, upon the receipt of the draft, proved that it belonged to the defendant, while the defendant claimed that the restrictive indorsement of the draft by the Eldred Bank prevented any change of title and simply created an agency for collection. A question of fact thus arose as to the intention of the parties to the transaction, to be determined by considering their words and acts, their course of business and all of the surrounding circumstances." (P. 34.)

It seems, therefore, that the evidence presented on the trial of

this case raised an issue as to the ownership of the checks and drafts in question, and the position of the Federal reserve bank, as a creditor of the Zartman bank, is, therefore, a question of fact for the jury.

So ordered.